IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| TROY MASSEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-858-JO |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Tim D. Wilborn
P. O. Box 2768
Oregon City, OR  97045

   Attorney for Plaintiff

Carol A. Hoch
Michael S. Howard
Leisa A. Wolf
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075


Adrian L. Brown

UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

   Attorneys for Defendant

JONES, Judge:

Claimant Troy Massey seeks judicial review of a final decision of the Commissioner of Social Security denying his applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Following a careful review of the record, the Court concludes that the Commissioner's decision is supported by substantial evidence, contains no errors of law, and must be affirmed.

## ADMINISTRATIVE HISTORY

Claimant filed applications for DIB and SSI on September 10, 2004, alleging disability since October 1, 2003. The applications were denied initially and on reconsideration. The Administrative Law Judge ("ALJ") convened a hearing on April 23, 2007. Claimant, represented by counsel, appeared and testified, as did an impartial vocational expert ("VE"). On May 31, 2007, the ALJ issued a decision denying claimant's applications. The ALJ's decision became final on May 20, 2008, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must

weigh "both evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF ALJ'S FINDINGS

The ALJ first determined that claimant last met the insured status requirements of the Social Security Act on December 31, 2008. The ALJ then employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. *See* 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found that claimant had not engaged in substantial gainful activity since his alleged disability onset date.

Second, the ALJ found that claimant had a severe impairment in the form of Crohn's disease, but that his impairment did not meet the criteria of any listed impairment. Tr. 20-21. At step three, the ALJ found that claimant had the residual capacity to perform "light exertion work" without further restrictions, but that claimant was unable to perform his past relevant work (step four). In making this finding, the ALJ found claimant's and lay witness Dorothy Massey's testimony not credible as to the severity of claimant's symptoms. The ALJ also found the testimony of claimant's primary care physician, Dr. Richard Kirkpatrick, not reliable, stating that the doctor was essentially advocating claimant's position.

At step five, based on the testimony of the VE, the ALJ determined claimant would be able to perform the sample occupations of cashier and motel cleaner. Consequently, the ALJ found claimant was not disabled, and denied his application for benefits.

3 - OPINION AND ORDER

STATEMENT OF FACTS

The parties are familiar with the evidence in the record.  I will not repeat the evidence except as necessary to explain my decision.

DISCUSSION

Claimant argues the ALJ erred in evaluating the credibility of three witnesses:  claimant, lay witness Dorothy Massey, and claimant's primary care physician Dr. Richard Kirkpatrick.[1]  The ALJ's credibility findings for these witnesses are supported by the record, as stated below.

A.   The ALJ's decision to find claimant not credible is supported by the record.

Claimant first contends the ALJ's evaluation of his testimony was incorrect.  The ALJ stated the claimant's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible."  Tr. 22.  The ALJ's decision to find claimant non-credible is entitled to deference if the ALJ provides clear and convincing reasons supported by substantial evidence.  Tommasetti v. Astrue, 533 F.3d 1035, 1039-1040 (9th Cir. 2008).  The ALJ supported the finding on claimant's credibility with clear and convincing reasons.

The ALJ first noted claimant frequently failed to comply with treatment recommendations.  Tr. 23.  Claimant argues he was unable to afford medicine or regular care, so he would visit the emergency room to receive his Dilaudid.  However, the record shows he requested Dilaudid at the emergency room despite having another opioid (Tylox) at home.

---

[1] Two of claimant's doctors share the last name "Kirkpatrick."  Dr. Richard Kirkpatrick is a primary care physician who treated claimant, while Dr. Donald Kirkpatrick is a gastroenterologist who treated claimant.  The Kirkpatricks are cousins.

4 - OPINION AND ORDER

Tr. 183. The ALJ noted that doctors had recorded instances where claimant had been non-compliant with treatment recommendations in the past. Tr. 23, 183, 197, 209, 216, 217. This evidence that claimant was noncompliant with treatment recommendations, and the further evidence, noted by the ALJ, that claimant's symptoms were well controlled by Sulfasalazine provide additional support for the ALJ's characterization of claimant's visits to the emergency room as drug-seeking behavior, as well as the ALJ's skepticism of Dr. Richard Kirkpatrick's claim that claimant would miss two to four days of work per month (*see below*). Tr. 25-26.

Claimant argues the ALJ's characterization of his emergency room visits as drug-seeking behavior is inaccurate. However, the ALJ cited several portions of the record which support this conclusion. Tr. 25. Several different physicians, including Dr. Richard Kirkpatrick, doubted the veracity of claimant's claimed Crohn's disease flare-ups. Tr. 183, 313, 457. Claimant was treated with Dilaudid based primarily on his history and his requests for Dilaudid, not based on objective evidence of symptom exacerbation. Tr. 174, 186, 283, 398. Claimant argues he requested a Dilaudid injection because it would provide faster relief than intravenous Dilaudid, and because his ability to receive intravenous drugs was compromised. However, as the ALJ noted, claimant was already on opiate management for pain. Tr. 25. Given claimant's frequent requests for Dilaudid by name at the emergency room, the lack of objective evidence for his alleged flare-ups, and his general non-compliance with treatment recommendations, the ALJ's finding that claimant's visits to the emergency room constituted drug-seeking behavior is supported by substantial evidence. See <u>Edlund v. Massanari</u>, 523 F.3d 1152, 1157-1158 (9th Cir. 2001) (drug seeking behavior is properly considered in determining credibility of claimant).

5 - OPINION AND ORDER

The ALJ also viewed claimant's marijuana use and his inconsistent representations of marijuana use as impeaching his credibility. Tr. 24. Claimant argues he was using marijuana for medical purposes. However, he conceded at the hearing that his card had lapsed. Tr. 560. Claimant submitted an application for a new card on May 14, 2007, after his hearing on April 23. This evidence contradicts claimant's testimony that he used marijuana legally, showing internal inconsistencies which the ALJ properly viewed as impeaching his credibility. Tr. 24; Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). Claimant's noncompliance with treatment recommendations, drug-seeking behavior, and inconsistent accounts of marijuana use were clear and convincing reasons supported by substantial evidence sufficient to support the ALJ's finding that claimant was not fully credible. Consequently, the ALJ's decision regarding claimant's credibility is entitled to deference.

      B.      The record supports the ALJ's credibility finding as to Dr. Richard Kirkpatrick.

Dr. Richard Kirkpatrick opined that claimant was in severe pain, would likely miss several days of work a month, and would have to sit or lie down frequently during the workday. Tr. 26. The ALJ rejected this opinion, stating that the limitations were not supported by the record, and that Dr. Richard Kirkpatrick was "simply advocating for claimant." Id. Claimant argues the ALJ improperly rejected Dr. Richard Kirkpatrick's opinion as to the frequency and severity of claimant's Crohn's disease flare-ups. However, the ALJ is the final arbiter of ambiguities in medical evidence, and has the ultimate authority to evaluate and resolve inconsistencies in medical evidence. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008).

6 - OPINION AND ORDER

The record contains conflicting medical evidence, and the ALJ was entitled to make reasonable credibility choices in resolving the conflicts. Dr. Richard Kirkpatrick's opinion that claimant would have to lie down or rest during work, and that claimant would miss four or more days of work per month is speculative, and not supported by objective medical evidence. Tr. 25. The ALJ noted other physicians did not mention the symptoms noted in Dr. Richard Kirkpatrick's reports. Id. Dr. Richard Kirkpatrick stated that claimant suffered weight loss, abdominal distension and bowel obstruction, but these observations are contradicted by evidence in the record. Tr. 561 (claimant's weight was generally stable); Tr. 85, 216, 561 (no evidence of abdominal distension); Tr. 202, 205, 215, 226, 205 (examinations found no evidence of bowel obstruction); Tr. 85 (no evidence of fever). Emergency room doctors repeatedly questioned whether claimant's reported symptoms were the result of Crohn's disease. Tr. 183, 313, 457. Additionally, Dr. Richard Kirkpatrick's opinion was contradicted by that of claimant's gastroenterologist, Dr. Donald Kirkpatrick, who noted Sulfasalazine alleviated many of claimant's symptoms. Tr. 239. The ALJ correctly gave Dr. Donald Kirkpatrick's opinion more weight, because of his specialized knowledge in gastroenterology. 20 C.F.R. § 404.1527(d)(5); Tr. 26. Finally, the agency physicians who evaluated claimant opined that he could return to light work. Tr. 25. In view of the medical record, I find the ALJ's decision to discount Dr. Richard Kirkpatrick's contentions as to the severity of claimant's symptoms is supported by substantial evidence.

    C.    <u>The ALJ's credibility finding as to Dorothy Massey is supported by the record.</u>

Claimant's third argument is that the ALJ improperly rejected the testimony of lay witness Dorothy Massey, who stated that claimant's daily activities primarily were limited to

sitting in a hot bath and lying on the couch watching television. Tr. 112. The ALJ found her statements "not entirely credible" based on inconsistencies within her own statement and with the medical evidence, which did not support limitations on claimant's ability to lift, squat, bend, reach, walk or climb stairs. Tr. 26-27.

The ALJ may reject the testimony of lay witnesses by citing reasons germane to each witness. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Internal contradictions and opinions inconsistent with medical evidence may be considered in deciding whether to reject the testimony of a lay witness. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). In this case, Massey's testimony was both internally contradictory and in conflict with the observations of claimant's treating physicians. Tr. 26-27.

Claimant alleges the ALJ incorrectly created a contradiction by juxtaposing Massey's reports of limitations during Crohn's disease flare-ups with her reports of the activities in which claimant was able to engage while symptoms were dormant. However, Massey specifically stated claimant was limited even when his symptoms were not acutely active, stating that claimant stayed in a hot bath most of the day, had difficulty lifting, squatting, bending, reaching, walking and stair climbing, and that claimant could not concentrate for more than ten to fifteen minutes at a time. Tr. 107, 112. These statements are contradicted by Massey's accounts of claimant's ability to play board games with his daughter, help her with her homework, and help with the housework. Tr. 108, 111, 112. Additionally, Massey's opinion as to claimant's limitations was in conflict with Dr. Richard Kirkpatrick's medical opinion that claimant should refrain from heavy lifting, but did not corroborate the limitations reported by Massey. Tr. 505.

The ALJ's reasons for finding Massey's statements not entirely credible are supported by substantial evidence in the record.[2]

## DECISION

For the reasons stated in this opinion, the decision of the Commissioner is AFFIRMED.

DATED this 12th day of November, 2009.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

---

[2]Claimant also contends that the ALJ erred in presenting the vocational expert with an improper hypothetical question. However, the limitations claimant believes should have been included in the hypothetical question were properly rejected by the ALJ. Therefore, the ALJ properly excluded those limitations from the vocational hypothetical. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175-76 (9th Cir. 2008) (the vocational hypothetical need not include limitations based on statements found non-credible by the ALJ).

9 - OPINION AND ORDER